# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: August 7, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JUAN ALVARADO, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 15-02V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Petitioner's Costs; Denial of |
| | * | Costs of Special Needs Trust. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 5, 2015, Juan Alvarado ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petitioner received compensation under the terms of a joint stipulation, and is now entitled to reasonable attorneys' fees and costs.  As explained below, I **grant in part** petitioner's motion for attorneys' fees and costs, but will not reimburse petitioner for the costs of establishing and maintaining a special needs trust.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

## I.   Procedural History

On January 5, 2015, Juan Alvarado ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[3]   42 U.S.C. §§ 300aa-10 to 34 (2012).   Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on November 5, 2012, he suffered a shoulder injury related to vaccine administration ("SIRVA").   Petition (ECF No. 1) at 1.

The parties agreed to engage in settlement discussions, but reached an impasse "[i]n light of petitioner's reliance on benefits under Medicaid, Supplemental Security Income, and food stamps."   Status Report filed April 1, 2016 (ECF No. 30).   During a status conference on April 12, 2016, at the parties' request, I suggested that petitioner's counsel "investigate the feasibility of using a special needs trust."   Order, filed April 12, 2016 (ECF No. 31).   Petitioner's counsel concluded that "a special needs trust is a feasible legal mechanism to facilitate settlement in petitioner's case."   Status Report filed May 12, 2016 (ECF No. 32).   The parties subsequently reached a stipulation, which I approved.   Stipulation Decision, filed April 4, 2017 (ECF No. 52).

On July 6, 2017, petitioner filed a motion for attorneys' fees and costs.   Petitioner's Motion (ECF No. 57).   The motion requested $29,742.70 in attorneys' fees and $7,131.01 in attorneys' costs, for a total attorneys' fees and costs request of $36,873.71.   *Id.* at 1.

The motion also requested reimbursement of $3,689.95 in "costs incurred by the petitioner."   Petitioner's Motion at 1, 50-60.   In accordance with General Order #9, petitioner filed his signed statement that he incurred these costs and that a retainer was never paid to his counsel of record.   Petitioner and Counsel Statement (ECF No. 58).

On Jul 24, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs.   Respondent's Response (ECF No. 59).   Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case.   Respondent's Response at 2.   Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."   Respondent's Response at 3 (internal footnote omitted).   This matter is now ripe for adjudication.

## II.   Standards for Adjudication

The Vaccine Act provides that a special master "shall" award "reasonable attorneys' fees, and other costs, incurred in any proceeding on such petition."   42 U.S.C. § 300aa-15(e).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of HHS,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed.Cir.1994); *see Saxton ex rel. Saxton v. Sec'y of HHS,* 3 F.3d 1517, 1519 (Fed.Cir.1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

---

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

III.    **Analysis**

I have reviewed petitioner's motion for fees and costs and the supporting documentation. In my experience, the request generally seems reasonable. I find no cause to adjust petitioner's counsel's hourly rates, time expended, or costs. I also find it reasonable to reimburse petitioner for the portion of the filing fee he paid, postage, and fax charges. However, petitioner's request for costs related to a special needs trust requires further discussion.

### a.   Costs of the Special Needs Trust

Petitioner requests reimbursement for a $1,250 enrollment fee for joining a pooled special needs trust. Petitioner's Motion at 50-51. Petitioner also requests an award of $2,000, for the future costs of maintaining the special needs trust. He explains that he has retained a trust management company, which will manage his funds in exchange for an annual recordkeeping fee of $200, to be taken out of the trust. Based on the settlement value ($105,000.00), petitioner will incur the $200 fee for an estimated 10 years. However, I will not award these costs.

On this subject, I find persuasive Special Master Millman's decision in *Torres v. Sec'y of Health & Human Servs.*, No. 09-867V, 2013 WL 2256136 (Fed. Cl. Spec. Mstr. April 30, 2013). She denied reimbursement for the costs of establishing a special needs trust. She acknowledged that a petitioner will have an interest in preserving eligibility for his or her state Medicaid program. However, the Vaccine Act only authorizes costs "incurred in any proceeding upon a petition." 42 U.S.C. § 300aa-15(e)(1). The Vaccine Act does require respondent to pay any Medicaid lien that exists for past medical expenses relating to the alleged vaccine injury, as well as the cost of future medical coverage for the alleged vaccine injury. However, the Vaccine Act does not authorize costs for preserving petitioner's eligibility for Medicaid for unrelated future medical expenses. Neither did the parties' stipulation require the establishment of a special needs trust. Therefore, the costs of a special needs trust were not "incurred in any proceeding upon a petition" under the Vaccine Act, and could not be awarded. *Cf. Tadio v. Sec'y of Health & Human Servs.*, No. 12-829V, 2015 WL 9464870 (Fed. Cl. Spec. Mstr. Nov. 25, 2015) (distinguishing *Torres* and ruling that petitioners were entitled to the costs of maintaining conservatorship of their minor child, which was required by the parties' stipulation and a state court order, in order to receive a Vaccine Program award).

As in *Torres*, in this case, I recognize petitioner's interest in preserving his eligibility for state-run income-based assistance programs. *See, e.g.*, Status Report filed February 29, 2016 (ECF No. 29). Furthermore, the special needs trust was helpful to informal resolution of this case. The parties agreed to engage in settlement discussions, but reached an impasse upon discussing petitioner's future medical needs. They requested a status conference, during which I suggested the possible use of a special needs trust. Petitioner's counsel concluded that this would be a feasible tool and the parties were able to reach a stipulation in favor of awarding compensation to petitioner, which I approved.

While the special needs trust was helpful in addressing petitioner's concerns and facilitating settlement, the trust was not an integral part of the proceeding in the Vaccine Program, and was not required in order for petitioner to receive compensation. The benefit to

petitioner from a special needs trust is undeniable, but it is essentially a post-proceeding cost which is not authorized under the Act.  Therefore, the costs of establishing and maintaining the special needs trust will not be awarded.

## IV.   Conclusion

In accordance with the foregoing, the motion for attorneys' fees and costs is **GRANTED in part**. Attorneys' fees and costs are awarded as follows:

1) **A lump sum in the amount of $36,873.71, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Juan Alvarado, and his counsel, Ronald C. Homer of Conway Homer P.C.**[4]

2) **A lump sum in the amount of $439.95, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner Juan Alvarado.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.